United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 2:17-CR-00109-001 |
| § | |
| BRYANT PETROCILLE LENOIR § | |

**MEMORANDUM AND ORDER**

Bryant Petrocille Lenoir filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Lenoir alleges that certain conditions of his supervised release are unconstitutional. The government moved to dismiss Lenoir's motion. Lenoir did not respond to the government's motion.

Based on Lenoir's motion, the government's motion, the record, and the applicable law, the court grants the government's motion and dismisses Lenoir's motion. The reasons are set out below.

**I.    Background**

Lenoir was charged by indictment with three counts of transporting an undocumented alien in violation of 18 U.S.C. § 1324. Indictment (Doc. # 14). He pled guilty to Count One. As part of his plea agreement, Lenoir waived his right to appeal or collaterally attack his conviction or sentence on any grounds other than ineffective assistance of counsel. Memorandum of Plea Agreement (Doc. # 19), at 3; Judgment (Doc. # 35). The Court sentenced Lenoir to 27 months imprisonment, followed by three years of supervised release. A condition of Lenoir's supervised provides that, if engaged in driving a truck while on supervised release, Lenoir must inform any

law enforcement officer stopping the truck that he is on supervised release for alien smuggling, and consent to a search of the truck.  Judgment at 4.

Judgment was entered on July 19, 2017.  Lenoir did not appeal.  He filed this § 2255 motion on January 5, 2022.

## II.     Analysis

Section 2255 motions are subject to a one-year statute of limitations running, absent circumstances that are not present in this case, from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f).  Because Lenoir did not appeal, his conviction became final 14 days after the entry of judgment.  *See* Fed. R. App. P 4(b)(1)(A)(i); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).  Because judgment was entered in this case on July 19, 2017 and Lenoir did not appeal, the judgment became final on August 2, 2017, making the deadline for his § 2255 motion August 2, 2018.  Lenoir's motion was filed on January 5, 2022, making it untimely by more than three years.

## III.     Certificate of Appealability

A certificate of appealability may issue only if the defendant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  Jurists of reason would not find it debatable that Lenoir's motion is barred by the statute of limitations.  Therefore, Lenoir has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### IV.     Conclusion and Order

For the foregoing reasons, the government's motion to dismiss (Doc. # 49) is GRANTED, and Lenoir's motion to vacate, correct, or set aside his sentence (Doc. # 38) is DENIED as barred by the statute of limitations.  No certificate of appealability is issued.

SIGNED on October 18, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge